IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHY APODACA, et al.,

        Plaintiffs,

vs.                                                                                              Civ. No. 00-1305 JP/WWD ACE

CITY OF ALBUQUERQUE, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Defendants' Request for Discovery Limitations and Protective Order [docket no. 33] filed May 2, 2001. Briefing was completed June 1, 2001 with the filing of Defendants' Reply.

**Background.**

        This cause was removed from state court on September 15, 2000, after Plaintiffs had filed a complaint and a first amended complaint, and Defendants had filed an answer and a notice of removal. In the Initial Pre-Trial Report entered November 30, 2000, discovery was scheduled to end May 14, 2001, and trial was set for October 15, 2001; also, on November 15, 2000, a settlement conference was scheduled for June 6, 2001. Subsequently the settlement conference setting was vacated.

        Plaintiffs' First Amended Complaint for violations of Constitutional and Contractual Rights was on behalf of "middle and upper management and white collar public employees of the City of Albuquerque Solid Waste Management Department" alleging that they had been injured as

-1-

the result of the failure of the City to follow the merit system mandated by its Charter and the Merit System Ordinance.  Plaintiffs specifically allege that the City and those officials charged with implementing the Merit System Ordinance have failed to utilize evaluations of employee performance as called for in the Ordinance resulting in a system rife with political influence, favoritism and nepotism to the detriment of Plaintiffs who claim to be more qualified than individuals promoted within the Solid Waste Management Department.  Plaintiffs allege that Defendant have utilized a system of ''pre-selecting" certain less qualified but more "preferred" individuals into "acting" positions for  long periods of time and then promoting the "acting" position holder into the position he has been occupying.  Plaintiffs allege that the "preferred" individuals are those employees who are "favored by or related to"  officials in the department; and that these "preferred" individuals "act 'properly' in the face of management incompetence or bias, " while "those [presumably, the Plaintiffs] who deserve promotions and other awards and incentives are ignored or rejected."   Plaintiffs allege that the latest instance of "injustice and unfairness resulting from the absence of performance appraisals" is the unauthorized "reclassification" scheme for city employees advanced and implemented by the City.   Plaintiffs claim to have given the City numerous warnings concerning the City's failure to "adhere to merit principles in personnel management, but Defendants have ignored such warnings...."  In connection with the allegations set out above, the Plaintiffs assert that they have been denied substantive and procedural due process of law; that their employment contracts with the City have been breached by the City; and that the City has violated the City Charter and the Merit System Ordinance.  Plaintiffs seek equitable relief, compensatory damages, and punitive damages as well as their costs and attorney fees.

**Defendants' Request.**

Initially, Defendants seek to prevent the taking of the depositions of Mayor Jim Baca, former mayor Martin Chavez, Chief Administrative Officer Lawrence Rael, and City Attorney Robert M. White. The Defendants argue that the Plaintiffs cannot demonstrate that the aforementioned officials have relevant evidence or information that would lead to relevant evidence; and that the information is more conveniently available from other sources. Defendants point out that there are no specific allegations against the individual Defendants; that plaintiffs' initial disclosures contained no documents implicating an individual Defendant; that the seven depositions taken of individual Plaintiffs do not indicate any personal knowledge concerning the performance of Plaintiffs [or lack of a record thereof] ; and that with a discovery deadline of May 14, 2001, the Plaintiffs have not served interrogatories, requests for production or requests for admission as of May 2, 2001 (the date of the filing of the memorandum supporting Defendants' Request).

**Plaintiffs' Opposition to Defendants' Request.**

Plaintiffs contend that Defendants have misstated, downplayed, and narrowed Plaintiffs' claims, and that the key people in the City administration whose depositions are sought would be knowledgeable about the facts and issues in this lawsuit. Plaintiffs' counsel supports this conclusion by pointing to the provisions of the City Charter and the Merit System Personnel Policy. Plaintiffs also defend their choice of discovery tools and they disclaim any intent to utilize the record of a video deposition for political purposes.

**Discussion.**

Too many demands may be placed on the mayor and other top officials of the City administration.  Nevertheless, there are times when the responsibilities which accompany public office must be addressed directly by those in office.  In this lawsuit a significant number of employees of a department of the City have made allegations which raise important questions as to the way the City is organized and run.  It would be easier to address the question of what depositions should be allowed and what kind of deposition should be allowed by referring to a well developed body of discovery clearly pointing in the direction of those whose depositions are sought.  Plaintiffs' counsel has followed a different and riskier strategy by attempting to do almost all of his discovery preparation for trial by utilizing depositions of top City officials.  In a case where different subject matter was involved, Plaintiffs might well lose the instant motion. Here, the nature of the allegations, the number of plaintiffs making the allegations, and the importance of the questions involved to the community, point in the direction of allowing the discovery sought.  I caution Plaintiffs' counsel to review carefully the provisions of Fed. R. Civ. P. 11, since I am placing unusual reliance on Plaintiffs' complaint and the allegations made therein.

I will allow Plaintiffs to take the depositions of  Mayor Jim Baca, Chief Administrative Officer Lawrence Rael, and former mayor Martin Chavez.  I will not at this time permit the taking of the deposition of City Attorney Robert White. The depositions shall be taken at the United States Courthouse with counsel and the parties, if they so desire,  present, and other persons not directly participating in the proceedings excluded.  Arrangements for scheduling the depositions shall be made by counsel with my administrative assistant, Carla Eyberg (Telephone 348-2300). The depositions may be videotaped. The depositions will be taken at a time when I will be available  in the Courthouse to rule on the limited objections which may be raised appropriately

during the deposition.  I will not rule on objections more appropriately addressed at trial.  The entire or partial record of the depositions, including any videotapes thereof, shall not be distributed to any person except counsel for the parties unless, upon proper motion, Court approval is obtained for such distribution, or the material has been used in open Court.  If portions of the depositions are utilized in motion practice, and are filed with the Court; counsel using such material shall seek an order directing that the material be filed under seal.

Discovery shall proceed in accordance with the foregoing with the time for discovery being extended for thirty (30) days solely for the depositions discussed above.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE