IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOM CASTILLO, REGGIE COOCHWIKVIA,
VALENTE T. ESTRADA, SAM GARCIA,
WILLIAM HOFFMAN, RAY HORT, BENNIE
MAESTAS, RAMON B. MAESTAS, DEMETRIO
"TITO" MONTOYA, SAL MORETTI, TERRY
NELSON, LEONA ROMERO, JOHN SEVERN,
and THEA STEPHENSEN,

    Plaintiffs,

vs.                                                     No. CIV 00-1305 JP/WWD

CITY OF ALBUQUERQUE, JIM BACA, Mayor of
Albuquerque, LAWRENCE RAEL, Chief
Administrative Officer, VICKIE FISHER, Deputy
C.A.O, ORLANDO SEDILLO, Director of SWMD,
PEGGY A. HARDWICK, Employee Relations
Director, RALPH SALAS, Human Resources
Director, ALBUQUERQUE CITY COUNCIL,
and BRAD WINTER, City Council President,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On July 5, 2001, Defendants filed a motion for partial summary judgment (Doc. No. 45). Defendants styled their motion as one for partial summary judgment because it requested summary judgment as to the first three counts of Plaintiffs' First Amended Complaint, which asserted five counts. The Court granted Defendants' motion for summary judgment (Doc. No. 45) with respect to Counts 2 and 3 (Doc. Nos. 59, 60, 69, and 70), dismissing completely and with prejudice the state law claims asserted in Counts 2 and 3 of Plaintiffs' First Amended Complaint. The Court now grants Defendants' motion for summary judgment on Count 1 to the extent it concerns federal constitutional claims. The Court declines to exercise supplemental

jurisdiction over any causes of action permitted by the state constitution, which Plaintiffs have asserted at the eleventh hour, that may remain under Count 1.

**1.      Plaintiffs' Count 1**

    **A.      Federal Due Process claim**

Defendants move for summary judgment as to Plaintiffs' Count 1, a count that bears the heading "Denial of Due Process." Plaintiffs have abandoned any liberty interest component of their Count 1 claim. Doc. No. 59 at 2, filed on August 16, 2001. Plaintiffs now assert in their untimely response to Defendants' motion for partial summary judgment that they have three related property interests protected by the Due Process Clause. Doc. No. 55 at 6, filed on August 7, 2001. Plaintiffs claim an interest in (1) a performance-based merit system; (2) "an objective evaluation process;" and (3) a "fair consideration and selection for promotion." Id. Plaintiffs then contend that they have been deprived of these interests arbitrarily, in violation of the Fourteenth Amendment. Id. at 13.

The Court does not reach Plaintiffs' contention about the manner in which they have been deprived of their claimed property interests. Plaintiffs have failed to establish in the first place that they have the three claimed interests. Thus, Defendants are entitled, according to Federal Rule of Civil Procedure 56(c), to judgment as a matter of law.

First, to the extent that Plaintiffs contend they have a constitutional property interest in a promotion, as a reasonable reading of Plaintiffs' three-item list suggests, their argument is of no avail because they have not established "a legitimate claim of entitlement" to a promotion. Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992) (quotation and citation omitted). That is, Plaintiffs have not shown that they would be or would have been promoted had the merit system

Plaintiffs seek been implemented.  At most, Plaintiffs have established that they would have been or would be eligible for a prospective promotion, which at least one court has held does not give rise to a property interest.  Oladeinde v. City of Birmingham, 963 F.2d 1481, 1486 (11th Cir. 1993).

Second, to the extent Plaintiffs contend, as the only other reasonable reading of Plaintiffs' three-item list suggests, that they have a property interest in the system by which Plaintiffs would be evaluated and then possibly promoted, Plaintiffs' claim again fails.  As one court has explained, in a well-reasoned decision with strikingly similar facts, Plaintiffs are claiming a substantive interest in a procedure, not in property.  District Counsel 33, AFL-CIO v. Philadelphia, 944 F.Supp. 392, 395 (E.D. Pa. 1995).  There is no property interest, under the United States Constitution, in procedure.  Id.

      **B.**     **State Due Process claim**

Plaintiffs' untimely response to Defendants' motion for partial summary judgment also asserts that they have "stated viable claims for relief" under the New Mexico Constitution.   Doc. No. 55 at 14.  Nowhere in their First Amended Complaint or in their untimely response to Defendants' motion for partial summary judgment do Plaintiffs indicate the section of the New Mexico Constitution they intend to invoke.  Only at the August 23, 2001 hearing did Plaintiffs' counsel first direct Defendants' and the Court's attention to a specific state constitutional provision.

The Court has grave doubt as to whether a claim under any provision of the New Mexico Constitution is even a part of this case given Plaintiffs' failure to raise such a claim clearly.  Nevertheless, the Court will not consider whether a state constitutional claim exists in this case or,

3

if so, whether such a claim has any merit. Instead, using authority granted under 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over any supplemental claim asserted under the state constitution now that summary judgment has been granted with respect to all the federal claims over which the Court had original jurisdiction. Where, as here, Plaintiffs initially filed their case in state court, the proper procedure under 28 U.S.C. § 1447(c) is to remand any outstanding state law claims rather than dismissing them without prejudice. Fent v. Oklahoma Water Resources Board, 235 F.3d 553, 558-59 (10th Cir. 2000); RMP Consulting Group, Inc. v. Datronic Rental Corp., No. 98-5062, 1999 WL 617690, at **3 (10th Cir. Aug. 16, 1999); Long v. Bando Manufacturing of America, 201 F.3d 754, 761 (6th Cir. 2000); 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3739, at 501 (3d ed.1998).

## II.     Plaintiffs' Counts 4 and 5

Having disposed of Counts 1 through 3 of Plaintiffs' First Amended Complaint, only Counts 4 and 5 remain. Count 4 is for injunctive relief and Count 5 is for punitive damages. To the extent Counts 4 and 5 are viable, they are rooted in state, not federal, law. As stated above, the Court declines to exercise supplemental jurisdiction over the remaining state claims in this case. Therefore, Counts 4 and 5 are remanded to state court along with Plaintiffs' state constitutional claims.

Plaintiffs contend in their motion for remand and memorandum in support (Doc. No. 73, at 2 and Doc. No. 74, at 5) that the Court has dismissed Count 4. Neither the Court nor Defendants share this view. Defs. Resp. to Pls. Mot. to Remand at 2 (Doc. No. 79). Although the Court ordered Plaintiffs motion for an order granting injunctive relief (Doc. No. 57) struck from the record as untimely (Doc. No. 69, at 5), this action did not have the effect of dismissing

Count 4 of Plaintiffs' complaint.

      IT IS THEREFORE ORDERED THAT

1. Defendants' motion for partial summary judgment (Doc. No. 45) is GRANTED with respect to the federal constitutional portion of Plaintiffs' Count 1, which will be dismissed with prejudice, but is DENIED with respect to state constitutional claims remaining in Count 1, which will be remanded to state court; and

2. Plaintiffs' motion to remand (Doc. No. 73) is GRANTED, as to the state constitutional claim asserted under Plaintiffs' Count 1, and as to the relief Plaintiffs seek under Counts 4 and 5.

      IT IS FURTHER ORDERED THAT

1. Defendants' motion to strike Plaintiffs' response to Defendants' motion for partial summary judgment (Doc. No. 67), with respect to Count 1, is DENIED as moot.

2. Plaintiffs' motion to quash Defendants' Notice of Completion (Doc. No. 50) is DENIED as moot.

      _____
      CHIEF UNITED STATES DISTRICT JUDGE